I'd like to begin with the order that the court issued last week, short order regarding a potential closed session of this argument. We don't believe that's necessary. The pleadings in this case have been sealed so far. The reason that they've been sealed is that there was an arbitration order requiring the parties to file under seal in later court confirmation proceedings. You don't have to say anything more about sealing because that's something that I want to discuss with both lawyers after you complete your arguments. So let's start the clock anew. And you make your argument. Mr. Harrison will hear the appellees' argument and then we'll discuss this matter of sealing. Very good. Thank you, Your Honor. Okay. There are two issues that I'd like to discuss today. The first is the merits and our position that the arbitration panel exceeded its authority in connection with the award it issued today. And the second is the timeliness of our position. When this arbitration started, First State asked the arbitration panel to issue a payment protocol very near the beginning of the arbitration. Over our objection, the panel moved forward quickly with that, issued an award on December 13, 2012. That award required National Casualty to make payment immediately. And if it made payment, it then had the obligation, if it wanted to have an opportunity to potentially get its money back later, to reserve its rights, and to reserve its rights not just generally but specifically. Well, they say it was not an obligation. It was an opportunity that, in fact, the strict contractual terms did not provide. But it took nothing away, i.e., that they might have as a means to challenge. It simply gave them a new way to do it. First State contends that all the panel did was give us a bonus of being able to file a reservation of rights, preserving our opportunity to get our money back later. But there's nothing in the arbitration award that says that you wouldn't have the opportunity, couldn't attempt to avail yourself of the opportunity to get your money back later whether or not you filed a reservation of rights. Justice Souter's question is, wasn't the arbitration panel merely suggesting a device that would conveniently allow you to eliminate any question about attempting to get your money back later? I think not, Your Honor. I think the arbitration award gives us three options. It allows us to deny a billing when it comes in, if we believe we've got the information to do that. It gives us the opportunity to pay the billing without a reservation of rights. Or it gives us the opportunity to pay with a reservation of rights, with the sort of specificity that the panel mentioned. And the award says that if you pay without a reservation, you then can't audit and challenge? No, but look at what happened in the arbitration itself. What happened was, after we got this December 13, 2012 award, we then attempted to reserve our rights on the claims that were at issue in the arbitration. But the December 13, 2012 award is the award that's being... It's at issue today, yes. So what happened in the arbitration afterwards may lead to a decision that's subject to further arbitration and maybe a further petition to review. But aren't we concerned with only what happened up to December 13, 2012? I think the award that's in front of the court today is the December 13, 2012 award. But no, I think you need to look at what happened afterwards to understand the meaning of that award. If we do, doesn't that extend to looking to what is happening in this courtroom and your brother on the other side is saying, no, you have the fourth option that you, in effect, claim you don't have. Doesn't that end the issue? I don't think it does, Your Honor, because I think you have to look not at simply what First Aid is saying today, but what actually happened in practice here, the position that they took before the arbitration panel and the decision that the arbitration panel ultimately made when we attempted to reserve our rights in a specific fashion. When we did that, First Aid wrote a letter to the panel and said, you should strike the reservation of rights letter because it's not specific enough. It doesn't meet the intent of your December 13, 2012 award. And the panel agreed with them that it did not, and it said to us, those claims are closed. So we had no opportunity to be able to pursue those after that point in time. So that it was the closed claims order that is basically what you're appealing. What we're saying is that We're not appealing that order because no one in this proceeding, no one has moved either to confirm that or to vacate the closed claims order. By the closed claims order, are you referring to the January 2013 award? Yes. That's not subject to the court's confirmation or vacation today. But what I'm suggesting to you is that what this order does in practice is it requires us to meet a standard that all together. Because it requires us to be specific in a reservation of rights before a point in time where we've had the opportunity to exercise our access rights. And so what will happen in the future, we believe, is that we will get a response from First Aid like the one that we got in the arbitration that says, your reservation of rights is not specific enough. It doesn't meet the panel's December 2012 award. You can come and audit, but you've got no right to be able to get your money back at a later point in time. Then where does that leave us? That leaves us with the opportunity of perhaps either accepting what First Aid has said or saying, no, we disagree with you. We're going to file a new arbitration. Then when we file a new arbitration, the first thing that's going to come out of First Aid's arguments is going to be you did not meet the panel's specificity requirement with your reservation of rights. And therefore, you're out of luck. That is something that goes well beyond the underlying contracts. There's nothing in the underlying contracts that conditions our ability to inspect and access the records on a specific reservation of rights requirement. And the panel... The underlying contracts have an honorable engagement clause. The parties are both bound by those. And that is why... That clause gives considerable latitude to the arbitrators and, in effect, directs them to treat the arbitration not as an honorable engagement, not as a purely legal obligation, and gives them the ability to refrain from applying the usual legal principles. Courts seem to have interpreted that as saying that arbitrators operating under that kind of honorable engagement clause, in effect, have powers like the powers of the Chancery Courts. They have equity powers. And there is very little question in my mind that faced with a payment protocol dispute like this one, that a court of equity could devise a procedure similar to the procedure that was devised here. Our concern is that when we get to the next arbitration, we are going to be faced with a situation where, although we argue that First State has a duty of ultimate good faith and that that controls, we're going to be faced with a situation where we're going to have to explain to that arbitration panel why the reservation of rights that we wrote at the point in time at which we paid the billing was specific and did meet the panel's December 2012 award. As Justice Souter says, you now have a concession from your adversary that you have a right to... that the reservation of rights isn't necessary to your right to review. And if that concession were, say, memorialized in an opinion of this court, you would be... the jeopardy that you think you're in wouldn't materialize. Well, certainly... You wouldn't simply be able to say, here, this is what the court says. The court says the reservation of rights isn't the only way we can go. It would certainly be helpful if the panel were to issue an opinion in this case that the panel rules against us. We'd ask that they clarify their thoughts on that. But I think we're still left with the situation where, in the absence of something like that, we are facing the actions of First State in the arbitration as being the best evidence of what will happen in the future. We are concerned that what happened in the past will happen again, over and over. Counsel Watt, tell me why this is an oversimplified view of what's at stake here. It seemed to me that the initial dispute was about, really, how quickly payment has to be made by your client in light of the submission of these claims by your insured. And the arbitrators took the view that, in light of the standards that apply in reinsurance, timely payment had to be made. Now, if, in the future, you have reason to question that, you have the right to audit, to demand repayment, and if there's an ongoing dispute, you can go to arbitration to resolve that. So the notion that you will ultimately be without a way of recovering payments that you think were improperly made is simply not what's at stake here. What we're really talking about is how promptly your client has to pay, and that's really what the arbitrators were talking about. Why is that a too simple a view of what's really going on here, if it is? Your Honor, I see that my time is about to expire, if I may answer and conclude. Thank you. The reason that's an oversimplification of what happened is the reservation of rights requirement that's in here. There is no question that there has to be some meaning ascribed to the reservation of rights requirement in the December 2012 award. You are correct that the ultimate discussion between the parties had to do with the timeliness of payments, but it also had to do with our right to inspect when we get an opportunity to review the records. The effect of the December 2012 award is to condition our access to those records on a reservation of rights requirement that we simply cannot meet based on the information that's being presented to us with the reinsurance reports and the proofs of loss. Thank you. Thank you. We'll hear from the appellee. Thank you, Your Honor. Lloyd Gura for First State. I just would first like to address, if I may, Mr. Harrison's argument. There's nothing in the award that conditions the reservation of rights to the audit rights or to the right to arbitrate. Oh, no, I understand that, and I think we all understand that. It's just that your opponent wants to get into matters that aren't really before us and says, look at the way they're operating in practice. They're attempting to use this reservation of rights language to gain an unfair advantage. That's what the argument is. I'm not saying there's any, I'm not giving any credence to it. I'm saying that's what the argument is. And I would just say, Your Honor, I appreciate that the point of the award, and I'll address the merits first, and then I'll go to the timeliness issue second, just because that was what was discussed, is that the panel was asked only to interpret the contract for purposes of three things. One was what triggers payment under the contract, because that was an issue. We argued we weren't getting paid in a timely fashion, and so under the award, we wanted to know what triggered payment. That was number one that we asked the panel to interpret the contract and decide. Number two was, did the access to records clause in the contract, was that a precondition to payment? Because there's an access to records clause and a lost settlements clause payment clause, and we wanted to know how they, what was the interplay between the two? The panel decided that and said, it's not a precondition, but you have your right to access information at all reasonable times. The third thing we asked the panel to decide was whether or not the access to records clause prevented or enabled national casualty to access privileged documents, and the panel decided that as well. The other issues that counsel is making were not even before the panel to address. That's why the award, they're trying to interpret it to mean something or to go beyond what it was even asked of it or what it resolved. Let me ask you this, several of us have referred to your own statement in your own brief as to how you think the scheme ought to operate, which gives them what has been called here the fourth option. Would you be satisfied with an opinion from this court which simply memorialized that concession? Well, I don't think it's a concession, Your Honor. I mean, it actually says it in the, there is a, I don't think you're giving, frankly, I'll be candid with you, I don't think you're giving anything away that isn't there either, but would you be satisfied with an opinion that says that? Yeah, I mean, it says, there's an award after that, again, that's not what, it's before this, where the panel specifically says, you can arbitrate, you can access the records. There's a specific award that addresses that. There's, in the record that's before, Your Honor, there were discussions about this award where the panel brought up the Honorable Engagement Clause and said, if something came up later on that they learned, would they in any way be, would you first state deny them the right to arbitrate or access records? And we said, of course not, because that wasn't even before the panel. They're making up issues that the panel wasn't addressing. So it doesn't encompass all of these things because it wasn't before the panel to even decide at that time. So it's kind of awkward to say, but the panel's actually addressed those things already in subsequent awards that aren't even before this award. Counselor, I guess I'd like to, I mean, they say that's all well and good, yeah, we demand repayment, it's not forthcoming, we go to arbitration, only to then be confronted with the argument that, well, your initial reservation of rights did not meet the standard of specificity the arbitrators had in mind, and I gather their concerns, and because of that you are not entitled to repayment. Is there any basis for that concern? There's no basis for that concern because the award itself doesn't say that. There's nothing in the award, and by the way, there's nothing in the contract that talks about the right to recoupment. The only right you have to potentially recoup any monies that you may have paid is the right to file an arbitration if you paid and you think you paid improperly, to file arbitration, win the arbitration to potentially get that money back. That same right exists now because the panel didn't address it at all. There's nothing in the payment, the decision that the panel made, what triggers payment, had nothing to do with whether or not they could arbitrate or recoup their money back. There's nothing in the first provision of the award that even mentions the right to arbitrate or the right to recoupment. So their concern is made up, and the panel didn't address it because it wasn't at issue, and there's nothing now, still at issue. In other words, the panel's award didn't infringe on that right whatsoever because it didn't even mention it. So they had, I'm sorry, as they mentioned when they were speaking, the award gives them the right to deny the claim, it gives them the right to pay the claim, and it gives them the right to pay under a reservation. All the panel did was say, hey, if you're going to pay the claim, and it said, because we asked them, what triggers payment? And it explained what triggers payment, and it required that we give certain documents to them to trigger their payment obligation. And the reason why the panel required that we give them certain documents, number one, is we already gave them those documents, the panel reviewed them, and found that those documents provided sufficient information such that they can determine whether or not something was within the terms of the contract. But it said, if you'd like, you can pay under a reservation. They also always had the right to pay. It didn't address the right to arbitrate or recoupment or anything else because it was solely concerned with when they have to pay. It wasn't providing any guidance or any ruling, or it wasn't before the panel what would happen if they thought they paid improperly and wanted to get their money back. They had the exact same rights before that they have now. What do we make of the subsequent order, the claim is closed order? So the claim is closed order, and I'm not sure which one you're referring to, but there's a subsequent order, there's several subsequent orders, Your Honor, and I apologize for that. But certainly there's one, and I'm referring to one from February 27, 2013, which specifically requests, addresses how the panel's December order, the one that we are addressing here, applies to these other accounts. And it specifically talks about once claims which are open then become closed, and again, the open claims are claims that are ongoing where there are privileged documents withheld. Once a claim is closed, then the panel ruled that you have to then give them the privileged documents, and it said you can audit those documents, and certainly the panel ruled there specifically that you can arbitrate and get your money back. I'm concerned about that, and I don't have it open in front of me. The claim is closed order, which was issued for lack of sufficient specificity in the reservation of rights. It's January 2013. That order. What do we make of that? I think it's a red herring here, Your Honor, because what happened there was the panel in saying that they had the opportunity to reserve their rights specifically said that they had to do so specifically. They reserved their rights, and the panel ordered that we had to provide them with specific information such that they could intelligently reserve their rights. We gave them that information, and then they issued a reservation of rights that was very general and not specific. So the panel said you didn't meet the specific requirements that we set out for you to reserve your rights, and there was briefing on that. There wasn't a... language as precluding any further attempt to, in effect, to claim an improper payment that could go to arbitration. No, and the panel specifically didn't read that either. In the record, there was discussion about that afterwards, where the panel, and I think I referenced that a little earlier, where the panel asked me questions about, well, what would happen if later on, and let me just take one step back, I apologize. This was about interpreting the contract. This decision didn't resolve the merits of the individual claims. That's very important. The panel wasn't ruling on the merits here and specifically said so, so they gave them the right, and they specifically asked us, said, hey, since we haven't ruled on the merits, we're just deciding payment protocol terms and things like that. You would give them the right to, you know, for example, file an arbitration and get their money back if they wanted to. What does it mean to say a claim is closed? What does that mean? Well, I think, I don't think that, I'm not sure if the panel used that term, claim closed with respect to the reservation of rights order. I thought that, when I read it, I think they did use that language, but when I read it, I thought the claim was closed meant that the arbitration claim made before the panel was closed, not necessarily that all future action with respect to the item of loss was closed. That's exactly right, because the claim was closed here because the question was whether or not we're going to address, whether they've raised a substantial, substantive issue for this panel, that panel, to decide in that arbitration. The answer was no. They specifically said later on that, hey, if you do raise an issue, you don't, you didn't waive your right to arbitrate, and that's in the record. Thank you, counsel. Thank you. Thank you both. We've probably learned more about reinsurance than any intelligent judge would want to know. Let me, let me, on behalf of the panel, just ask both of you a question with respect to sealing. I understand the records in this case are sealed, but I question why they're sealed. I understand that proceedings before the arbitrator were sealed, but that's private proceeding between private parties. This court is, to state the obvious, a public body, and we don't seal proceedings unless there's some good reason in the public interest why proceedings here should be sealed. Is there any real reason why the briefs in this case have to be sealed, or the decision that's forthcoming has to be sealed? If I may, Your Honor, just make one correction, because I think it's important to the court. As the court may recall, this matter started out in the Southern District of New York, and there was a motion to confirm and a motion to vacate file. Those documents are not sealed because the court in the Southern District ruled that we're not accepting it under seal. When the court was, when the proceeding was then transferred to the District Court of Massachusetts, that court let it remain under seal, so anything that was filed subsequent to that is under seal. Those documents were a matter of public record, so to answer your specific question, the reason why we sought initially when we moved to confirm. I don't care about when you sought initially. Is there any reason why the briefs and opinion in this case, in this court, have to be under seal? Your Honor, other than the fact that the arbitration panel ordered that it be under seal, we can't think, we have nothing to say on that. What about the appellant, Mr. Harrison? The answer to your question is no. We believe that now versus McKee and the presumption of public access would dictate that these be unsealed. We agree. I will direct the clerk to remove the seal that currently precludes public access to the briefs, and our decision when it issues will be similarly open, available, and hopefully correct. Thank you very much. All rise, please. This session of the Honorable Benesky Court of Appeal is now going to be sent to the equal session. I say to the United States of America and this Honorable Court.